IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

IN RE: SOUTHERN MISSISSIPPI FUNERAL SERVICES, LLC     CHAPTER 11
   NO. 18-51483-KMS

*******************************************************************

SOUTHERN MISSISSIPPI FUNERAL SERVICES, LLC     PLAINTIFF

V.     Adv. Case No._____

CDW DIRECT, LLC, AND     DEFENDANTS
JOHN DOES 1-10

## COMPLAINT

### Introduction

1. This action is brought by the Debtor, Southern Mississippi Funeral Services, LLC, ("**SMFS**" or **PLAINTIFF**) for (1) turnover of property of the Estate; (2) for damages and injunctive relief for violations of the Automatic Stay of 11 U.S.C. § 362 imposed by the filing of this case on July 31, 2018; and (3) for damages and injunctive relief for violation of 11 U.S.C. 366.

2. This is also an action for actual and punitive damages for Civil Contempt under 11 U.S.C. Section 105(a) for violations of this Court's order imposing a stay on collection activities against debtors in a bankruptcy case, and violation of 11 U.S.C. § 366.

### Jurisdiction and Venue

3. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 11 case under Title 11 and concerns property of a Debtor.

4. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United

1

States Code, and pursuant to the Order entered by the Judges of the United States District Court for the Southern District of Mississippi on July 23, 1984 (the Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

5. Pursuant to the Uniform Local Rules for the United States Bankruptcy Courts for the Northern and Southern Districts of Mississippi, Rule 7008-1, as amended December 1, 2016, the Plaintiff consents to the entry of a final order by the Bankruptcy Court.

6. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## Parties

7. The Plaintiff in this case, SMFS is a debtor under Chapter 11 of Title 11 of the United States Code in case number 18-51483-KMS, which case is presently pending before this court.

8. The Defendant, CDW Direct, LLC, (hereinafter "CDW" or "Defendant") is a limited liability company organized and existing under the laws of the State of Illinois, and may be served with process pursuant to Rule 7004(b), Federal Rules of Bankruptcy Procedure at Post Office Box 75723, Chicago, IL 60675-5723 or 200 North Milwaukee Avenue, Vernon Hills, IL 60061.

9. John Does 1-10 are fictitious names of parties alleged for the purpose of substituting names of Defendants whose identities may be disclosed in discovery and should be made parties to this action.

## Facts

10. After the filing of the Chapter 11 case, SMFS continued to operate its business as authorized by Section 1108 of the Bankruptcy Code as debtor-in-possession, as defined in Section 1101(1) of the Bankruptcy Code.

11. SMFS's business consists of providing funeral and other post mortem services to the

public in the Mississippi Gulf Coastal counties.

12. Prior to the filing of the Chapter 11 case CDW was the internet provider for SMFS, and CDW had control of all e-mails sent by and to SMFS over a period of several years, which e-mails contain business records and data that is essential to the operation of the business of SMFS.

13. After filing the Chapter 11 case SMFS tendered payment of to CDW in the regular course of business and CDW refused to accept payment stating to SMFS that it would not accept payment because the invoice that SMFS was attempting to pay was for pre-petition internet services.

14. In addition to refusing payment, CDW discontinued internet services and denied, and continues to deny SMFS access to past sent and received emails.

15. The emails to which SMFS is being denied access contain business records and other data that is essential to the operation of the business of SMFS.

16. The emails being withheld from SMFS by CDW are property of the Estate pursuant to § 541 of the Bankruptcy Code.

## COUNT I
### Turnover of Estate Assets

17. The allegations of the forgoing paragraphs of this complaint are realleged and incorporated herein by this reference.

18. CDW continues to withhold property of the Estate, to-wit: emails on its servers that are the property of the Estate and are essential to the business of SMFS.

19. The property of the Estate should be turned over to the Estate pursuant to § 542 of the Bankruptcy Court.

20. SMFS has made demand upon CDW for turnover of its emails. See letter from counsel for SMFS to CDW, attached as **Exhibit "A"**.

21.     The Court should enter an order requiring CDW to immediately turn over all emails sent and received by SMFS, or alternatively provide access to such emails to SMFS.

## COUNT II
### Violation of the Automatic Stay

22.     The allegations of the foregoing paragraphs of this complaint are realleged and incorporated herein by this reference.

23.     CDW had actual knowledge of the Plaintiff's bankruptcy as evidenced by the fact that it refused to accept payment on its account for the stated reason that the invoice proposed to be paid was for pre-petition service.

24.     CDW withheld emails, which are property of the bankruptcy estate, for the purpose of collecting a debt.

25.     The Defendant had an obligation to affirmatively cease all collection activity against SMFS or otherwise attempting to enhance its position.

26.     The actions of the Defendant in withholding access to SMFS' emails, after receiving knowledge of the bankruptcy filing constitutes violation of the automatic stay as set forth in 11 U.S.C. Sections 362(a).

27.     As a result of the above stated willful violation of 11 U.S.C. Section 362(a), the Defendant is liable to the Plaintiff for actual damages, punitive damages, and attorneys' fees; and the Court should enter an order requiring the Defendant to release the emails to SMFS.

## COUNT III
### VIOLATION OF 11 U.S.C. § 366

28.     The allegations the foregoing paragraphs of this complaint are realleged and incorporated herein by this reference.

29.     The allegations of all of the foregoing paragraphs are realleged and incorporated

herein by this reference.

30. Internet service is a utility for all practical purposes in the current business environment wherein most businesses depend upon internet services as a vital aspect of their business.

31. Section 366 of the Bankruptcy Code, title "Utility Service" provides that a provider of utilities may not disrupt service to a debtor solely on the basis of a bankruptcy filing.

32. Section 366(c) further provides for methods of giving "assurance of payment" in a Chapter 11 case, and SMFS has proposed that it make a cash deposit of three (3) times the average monthly charge for internet services and request that internet services be reinstated.

33. The Court should enter an order setting the method and amount of assurance of payment and that immediately upon compliance therewith compelling CDW to reinstate internet service including access to all of SMFS' past emails. See Exhibit "A".

**NOW THEREFORE,** the Plaintiff prays that the Court will award relief as follows.

1. Enter an order compelling turnover of SMFS' past emails.

2. Award to SMFS damages for violation of the Automatic Stay.

3. Enter an order enjoining CDW from withholding past emails of SMFS.

4. Award to SMFS damages for withholding utility service in violation of 11 U.S.C. § 366.

5. Enter an order establishing the amount and mode of "assurance of payment" and compelling reinstatement of email service upon compliance.

RESPECTFULLY SUBMITTED this the 17th day of August 2018.

                        SOUTHERN MISSISSIPPI FUNERAL
                        SERVICES, LLC

BY:    /s/Patrick A. Sheehan
        PATRICK A. SHEEHAN
        Attorney for the Plaintiff/Debtor
        Sheehan Law Firm, PLLC
        429 Porter Avenue
        Ocean Springs, MS 39564
        (228) 875-0572/ (228) 875-0895 fax
        MS Bar No: 6747